IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARC S. EASTON, :
:
Petitioner :
: CIVIL NO. 4:CV-07-1572
:
v. : (Judge Jones)
:
TROY WILLIAMSON, :
:
Respondent. :

## MEMORANDUM

September 7, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On August 27, 2007, Marc S. Easton, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, initiated this Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2241. The appropriate filing fee has been paid. In his Petition (Doc. 1), Petitioner avers that, on February 8, 2000, he pled guilty to five counts of unarmed bank robbery and was sentenced to a term of imprisonment of 160 months in the United States District Court for the Northern District of Ohio. Petitioner further avers that he was ordered to pay restitution in the amount of $38,872 to National City, Key Bank, Fifth Third, Cumis Society, Great Lakes Bank, First Merit Bank, Cortland Savings and Banking Company, and Geauga

Savings. (Doc. 1) In the excerpt of the transcript from the sentencing hearing attached to the Petition, the sentencing court stated that payments are to be made during any period of imprisonment. (Doc. 1). The sentencing court further stated that, upon his release, Petitioner would pay not less than fifteen percent of his gross monthly income toward the restitution amount. (Doc. 1). Petitioner claims that the District Court erred in ordering him to pay restitution without setting a restitution payment schedule as required by 18 U.S.C. §3664(f)(2)(A)-(C). Yet, in his prayer for relief, Petitioner requests that an Order issue reinstating the "clear payment schedule" of the original Order for Petitioner to pay 15% of his gross monthly income. Petitioner further requests the termination of the collection of $25 on a quarterly basis by the Bureau of Prisons ("BOP").

## DISCUSSION

A federal criminal defendant's conviction and/or sentence is subject to collateral attack in a proceeding before the sentencing court, pursuant to 28 U.S.C. §2255. E.g., United States v. Addonizio, 442 U.S. 178, 185 (1979). Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied relief, unless it

also appears that the remedy by motion is *inadequate or ineffective* to test the legality of his detention." 28 U.S.C. §2255 (emphasis added).

A motion under §2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Legillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See id.; see also Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under §2255, a motion under §2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam), cert. denied, 409 U.S. 1046 (1972).

In this case, Petitioner does not state that he has pursued relief before the sentencing court under §2255. Further, Petitioner does not state that a §2255 Motion would be inadequate or ineffective, as required under Galante. Even though Petitioner appears to indicate that the collection of $25 by the BOP during his incarceration is not part of the Court's Order, it is clear from the portion of the

3

transcript attached to the Petition that the Court directed that payments be made during any period of imprisonment. Thus, in requesting that an Order issue to terminate the collection of payments during Petitioner's imprisonment, Petitioner is challenging his sentence and should be doing so through a §2255 Motion.

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (West Supp. 2005) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." This Court will rely on Rule 4 to dismiss the instant Petition

Petitioner does not state that he has filed a § 2255 motion with the sentencing court regarding his instant allegations. His present collateral challenges to the constitutionality of his federal conviction and/or sentence must be raised through a §2255 action. An appropriate order shall issue.